IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROGER JUNIOR USSERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-013 |
| | ) | |
| RICHARD ROUNDTREE, Sheriff; | ) | |
| JARED WILLIAMS, District Attorney; | ) | |
| WADE PADGETT, Judge; | ) | |
| KELLY WILLIAMSON, Attorney; | ) | |
| JASON, Chief Magistrate in Columbia | ) | |
| County; and BOBBY CHRISTINE, District | ) | |
| Attorney, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, formerly incarcerated at Charles B. Webster Detention Center, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se*. On April 14, 2022, because Plaintiff had been released from jail, the Court ordered Plaintiff to pay the filing fee or submit a new motion to proceed *in forma pauperis* ("IFP") within twenty-one days. (Doc. no. 9.) The Court also extended the deadline by the same twenty-one days for submitting an amended complaint as required by the Court's April 8, 2022 Order.[1] (See id.; doc. no. 7.) Plaintiff was cautioned that failure to respond in the requisite twenty-one days would be an election to have this case voluntarily dismissed without

_____

[1] The Court screened Plaintiff's original complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and identified multiple pleading deficiencies that prevented the Court from determining Plaintiff had any viable claims. (See doc. no. 7.) However, in recognition of Plaintiff's *pro se* status, the Court afforded him an opportunity to amend his pleadings. (Id. at 5.)

prejudice.  (See id.)  The time to respond has passed, and Plaintiff has not complied with the Court's April 14th Order, nor has he provided the Court with any explanation why he has not complied.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (per curiam) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (per curiam) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, the Court ordered Plaintiff to submit the filing fee or a new IFP motion, along with an amended complaint, within twenty-one days of its April 14, 2022 Order.  (Doc. no. 9.) The Court further warned Plaintiff that, in the event he failed to do so, the Court would treat Plaintiff's failure to respond as an election to voluntarily dismiss his case and would recommend dismissal of his case, without prejudice.  (See id.)  Plaintiff's failure to comply

with the terms of that Court Order, or even to provide the Court with an explanation for his failure to submit the filing fee, a new motion to proceed IFP, or an amended complaint amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff previously sought permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction. Therefore, dismissal for want of prosecution is appropriate.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2]  See, e.g., Cordes v. Chipi, 773 F. App'x 551, 552-53 (11th Cir. 2019) (*per curiam*); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 10th day of May, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits.  See Fed. R. Civ. P. 41(b).