IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROGER JUNIOR USSERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-013 |
| | ) | |
| RICHARD ROUNDTREE, Sheriff; | ) | |
| JARED WILLIAMS, District Attorney; | ) | |
| WADE PADGETT, Judge; | ) | |
| KELLY WILLIAMSON, Attorney; | ) | |
| JASON, Chief Magistrate in Columbia | ) | |
| County; BOBBY CHRISTINE, District | ) | |
| Attorney; and STATE OF GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. In lieu of objections, Plaintiff belatedly - and without explanation - filed the amended complaint and new motion to proceed in *forma pauperis* ("IFP"), (doc. nos. 13, 14), required by the Magistrate Judge's April 14, 2022 Order, (doc. no. 9). As Plaintiff provides no explanation for his failure to timely comply with the Court's prior Order, the Magistrate Judge's analysis that the case should be dismissed for want of prosecution is appropriate. (See doc. no. 11.)

Moreover, even if the Court were to consider Plaintiff's untimely submissions, the case is due to be dismissed.[1] Rather than cure the pleading deficiencies first identified by the Magistrate Judge when screening the original complaint, (doc. no. 7), Plaintiff simply substituted the "State of Georgia" for the previously six named Defendants, but he failed to provide any details about his claims. The Court previously explained, (id. at 3), "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 550 (2007). While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff's failure to mention the State of Georgia, as well as any of the previously named Defendants, in his statement of claim is also fatal to his attempt to state a viable claim to relief. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")

Furthermore, "[t]he Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Indeed, the Supreme Court has unambiguously stated that "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh

---

[1] For the purpose of dismissal only, the Court **GRANTS** the renewed motion to proceed IFP. (Doc. no. 14.)

2

Amendment . . . . This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp., 465 U.S. at 100 (citations omitted); see Alabama v. Pugh, 438 U.S. 781, 781-82 (1978) (*per curiam*); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (*per curiam*) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent.").

Finally, the Eleventh Circuit has affirmed the dismissal of a *pro se* complaint where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint. Taylor v. Spaziano, 251 F. App'x 616, 620-21 (11th Cir. 2007) (*per curiam*); Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*). Plaintiff's refusal to provide any details about his claims and simply changing the name of the Defendant without even mentioning the new Defendant anywhere in the statement of claim amounts to will full disobedience of the Magistrate Judge's Order that provided explicit instructions on amending. Because Plaintiff is proceeding IFP, the imposition of monetary sanctions is not a feasible sanction for disobeying the Court's prior order. Thus, even if the Court were to consider the untimely amended complaint, Plaintiff's case is due to be dismissed without prejudice for failing to follow the Court's instructions regarding amending the complaint. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (*per curiam*) (finding no abuse of discretion where case dismissed without prejudice, allowing for party to refile, based on failure to comply with one court order).

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **RELIES** on the additional analysis above as further justification for

3

dismissal of the case, **DISMISSES** this case without prejudice, and **CLOSES** this civil action.

SO ORDERED this 10th day of June, 2022, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA